## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEE HODGINS, | : | CIVIL NO. 1:CV-04-1701 |
| **Plaintiff,** | : | |
| | : | **(Judge Kane)** |
| v. | : | |
| | : | |
| JEFFREY RACKOVAN, ET AL., | : | |
| **Defendants** | : | |

### MEMORANDUM AND ORDER

The Plaintiff, Lee Hodgins ("Hodgins"), an inmate formerly incarcerated at the State Correctional Institution at Rockview (SCI-Rockview), filed this complaint pursuant to 42 U.S.C. §1983 on August 2, 2004. Hodgins is proceeding *pro se.* On December 14, 2004, Defendants filed a motion to dismiss the complaint for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6). (Doc. No. 21.) A brief in support of the motion was filed on the same date. (Doc. No. 22.) Hodgins filed a brief in opposition on January 24, 2005. (Doc. No. 27.) The motion is presently ripe for disposition and, for the reasons set forth below, will be granted.

I.  Allegations of the Complaint.

Hodgins takes issue with a no smoking policy that was implemented at SCI-Rockview on June 9, 2003. It is his contention that SCI-Rockview has a policy that cannot be enforced by prison administration and is frequently violated by inmates. Also, the institution's ventilation system has failed "ACA" standards. As a result, the institution has high levels of environmental tobacco smoke ("ETS") which is causing harm to his health.

Hodgins represents that he has exhausted his administrative remedies.

II.  Standard of Review.

In evaluating whether a claim is subject to dismissal, the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the plaintiff. Scheuer v.

Rhodes, 416 U.S. 232, 236 (1974). A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45 (1957); Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988). A complaint that sets out facts which affirmatively demonstrate that the Plaintiff has no right to recover is properly dismissed without leave to amend. Estelle v. Gamble, 429 U.S. 97, 107-108 (1976). Thus, we accept the truth of the plaintiff's factual allegations, White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990), and decide in reviewing the complaint "whether under any reasonable reading of the pleadings, plaintiff may be entitled to relief." Simon v. Cebrick, 53 F.3d 17, 19 (3d Cir. 1995).

III. Discussion.

Defendants first seek dismissal of the complaint on the grounds that Hodgins has failed to exhaust his administrative remedies. The Prison Litigation Reform Act (PLRA) requires prisoners to present their claims through an administrative grievance process before seeking redress in federal court. The act specifically provides as follow:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a). Prisoners must exhaust administrative remedies as to any claim that arises in the prison setting, regardless of limitations on the kind of relief that may be gained through the grievance process. See Porter v. Nussle, 534 U.S. 516, 532 (2002): Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). "[I]t is beyond the power of [any] court . . . to excuse compliance with the exhaustion requirement." Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (quoting Beeson v. Fishkill Corr. Facility, 28 F. Supp. 2d 884, 894-95 (S.D.N.Y. 1998).

The PLRA requires not only technical exhaustion of the administrative remedies, but also

substantial compliance with procedural requirements. Spruill v. Gillis, 372 F.3d 218, 227-32 (3d Cir. 2004); see also Nyhuis, 204 F.3d at 77-78. A procedural default by the prisoner, either through late or improper filings, bars the prisoner from bringing a claim in federal court unless equitable considerations warrant review of the claim. Spruill, 372 F.3d at 227-32; see also Camp v. Brennan, 219 F.3d 279 (3d Cir. 2000).

The Pennsylvania Department of Corrections provides an administrative grievance system that requires inmates to file formal written grievances for initial review following unsuccessful informal resolution of a problem. DC-ADM 804 VI(A)(1)(a). Grievances must be submitted for initial review within fifteen (15) working days after the events upon which the claims are based. DC-ADM 804 VI(A)(1)(e). If an inmate is dissatisfied with the initial review response, the inmate may appeal to the Facility Manager within five (5) working days from the date of receipt by the inmate of the Initial Review decision. (Doc. No. 23, Declaration of Kristen Reisinger ¶ 3; DC-ADM 804 VI(C)(1)(b)). The next step in the review process, is that the Secretary of the Department of Corrections Office of Inmate Grievances and Appeals must review the inmate's appeal of the Facility Manager's decision. (Id.; DC-ADM 804 VI(D)(1)(b)).

Hodgins filed grievance number 86459 complaining of other inmates smoking in the cells and at the entrance ways and exits of the housing units, education buildings and dining facilities and that the newly implemented no smoking policy was not being enforced. He requested that certain vents be left open because of high levels of ETS. He also requested return to the prior policy governing smoking. In response, Hodgins was informed that the new no smoking policy was being enforced and that there would not be a return to the previous smoking policy as the new policy made all units non-smoking units. His appeal was denied. His appeal to final review was also denied.

In relying on the Spruill case, Defendants argue that Hodgins has failed to exhaust his

administrative remedies by failing to comply with the grievance policy requiring that a statement of the facts relevant to the claim be included in the grievance, and that any persons who may have information that could be helpful in resolving the grievance be identified in the grievance. (Doc. No 22 at 5; DC-ADM 804, VI(A)(1)(d)). The Court agrees. Throughout the grievance process, Hodgins failed to identity the SCI-Rockview personnel whom he believed failed to properly enforce the new no smoking policy. The identity of the responsible individuals is a "fact[ ] relevant to the claim" and it was mandatory for Hodgins to include that information. Hodgins did not, and has offered no explanation for his failure to do so. Any grievance against these individuals would now be time-barred. DC-ADM 804, VI(A)(1)(e) ("[g]rievances must be submitted by the inmate . . .within fifteen (15) working days after the events on which the claims are based"). Thus, Hodgins has procedurally defaulted his claim and Defendants' motion to dismiss the complaint will be granted.

It is noted that even if Hodgins had exhausted his administrative remedies, the complaint would still be subject to dismissal. In Helling v. McKinney, 509 U.S. 25 (1993), the Supreme Court specifically dealt with an Eighth Amendment claim based on ETS. In that case, the inmate-plaintiff claimed that the Eighth Amendment was violated when he was placed in a cell with an inmate who smoked five packs of cigarettes a day. The plaintiff had not yet suffered injury as a result of the exposure to the smoke, but the Court stated that he could prevail on his claim if he established the following. With regard to the objective component of the Eighth Amendment, he had to show two things: first, that he was being "exposed . . . to levels of ETS that pose an unreasonable risk of serious damage to his future health," id. at 35; and second, that the risk was "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." Id. at 36. The Court added in connection with the latter factor, "[i]n other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate. Id. As concerns the subjective component of deliberate indifference, deliberate indifference

"should be determined in light of the prison authorities' current attitudes and conduct," with the Court noting that "the adoption of [a] smoking policy . . . bear[ing] heavily on the inquiry into deliberate indifference." Id. Our Circuit has also addressed the claim in Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003).

The Court initially notes that Hodgins is complaining of a new "no-smoking" policy. In alleging that he is suffering irreparable harm based upon his continued exposure to high levels of ETS, Hodgins generally complains that despite the new policy, inmates are smoking in cells and at other locations throughout the prison, and they are not complying with the no smoking policy. Hodgins' exposure to ETS would be limited to the common areas; he does not allege that he was housed with a smoker. In fact, based on the copy of the new no smoking policy that was submitted by Hodgins, he was housed in a non-smoking unit. (Doc. No. 22 at 8.) Further, the only symptoms of which Hodgins complains are minor symptoms such as headaches and eye irritation. Such ETS exposure does not automatically translate into an unreasonably high level for Eighth Amendment purposes. See Pryor-El v. Kelly, 892 F. Supp. 261, 267 (D.D.C. 1995).

Conversely, the plaintiff in Helling was confined in a cell with an inmate who smoked five packs a day. In Atkinson, the plaintiff was a former cigarette smoker who was diagnosed with childhood asthma and was believed to have sensitivity to his nasal passages and airways. During a seven-month period, he was housed with two inmates, each of whom smoked constantly while in the cell. He shared another cell with a constant smoker for six weeks and, at a later date, with a cellmate who smoked ten cigarettes per day. Based on the above, it does not appear that Hodgins could meet the prong of the analysis requiring him to establish that he was exposed to levels of ETS that pose an unreasonable risk of serious damage to his future health.

IV.  Order.

**AND NOW**, this 13th   day of June 2005, **IT IS HEREBY ORDERED THAT**:

1.  Defendants' motion to dismiss (Doc. No. 21) is GRANTED;

2.  The Clerk of Court is directed to CLOSE this case;

3.  Any appeal from this Order is deemed frivolous, not taken in good faith, and lacking in probable cause.

   s/ Yvette Kane   
Yvette Kane  
United States District Judge
